UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELAINE DUKES, | ) | No. 05-1108 SC |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| v. | ) | DEFENDANT'S CROSS- |
| | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT |
| JO ANNE BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |
| | ) | |

## I. **INTRODUCTION**

Elaine Dukes ("Plaintiff" or "Claimant") moves for summary judgment on her action seeking review of the Social Security Commissioner's final decision denying her claim for Social Security disability benefits. Defendant Jo Anne Barnhart ("Defendant" or "Commissioner") has filed a cross-motion for summary judgment. For the reasons explained below, this Court hereby DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment.

## II. **BACKGROUND**

A. Claimant's Medical History

Claimant, a female aged forty-four, injured her back in 1995. Administrative Record at 20 ("AR"). Various treatments enabled

1  her to return to work as an administrative assistant until October
2  30, 2001, when neck pain forced her to stop working.[1]  Id.

3  Dr. Andrew Slucky, to whom Claimant had been referred by Dr.
4  Michael Park, one of Claimant's treating physicians, for neck and
5  radiating left arm pain, performed tests that revealed that
6  Claimant had an "active left C7 radiculopathy," and an "acute
7  onset left C6-C7 disc herniation."  Id.  In April 2002, Claimant
8  "underwent anterior cervical discectomy fusion at C6/C7."  Id.
9  Slucky's "postoperative diagnosis for the claimant was pain,
10 radicular, cervical and disc displacement, cervical [sic]."  Id.
11 Dr. Slucky "indicated that the claimant had responded well [sic]
12 she was not five months status post anterior cervical discectomy
13 and fusion, C6/C7; however, she still demonstrated focal left
14 shoulder pain."  Id.  An examination of Claimant's left shoulder
15 "showed partial intrasubstance tear at the distal supraspintus
16 tendon with a small subacromial effusion."  Id.

17 Another examining physician, Dr. Kirk Jensen, "diagnosed the
18 claimant with left shoulder supraspinatus tendon partial thickness
19 tearing, high grade and left shoulder impingement," for which he
20 recommended treatment by surgery.  Id. at 21.  Claimant "underwent
21 a left shoulder artroscopic acromioplasty ligament release and
22 left shoulder open rotator cuff repair" in March 2003.  Id.  Dr.
23 Jensen referred Claimant to a work hardening program for six
24 weeks.  Id. at 22.

---

[1] Claimant has worked as a packager, a customer service clerk, a proof machine operator, an in service specialist, a claims processor, an administrative assistant, and a courier.  AR at 23.

2

B. Procedural History

Claimant, on January 29, 2002, filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability since October 31, 2001. Defendant's Memorandum in Support of Cross-Motion for Summary Judgment at 2 "Def's Mem."). The Social Security Administration ("SSA") denied her application in the first instance and then again on reconsideration. Id. The SSA, on March 9, 2004, at Claimant's request, held a hearing before an Administrative Law Judge ("ALJ"). Id. The ALJ found that Claimant was not disabled and that she could "perform light work," including most of the tasks required by her previous jobs. Id. The Appeals Council declined to review the ALJ's decision, thus making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Id. Claimant appeals the Commissioner's decision under 42 U.S.C. § 405(g).

**III. LEGAL STANDARD**

This Court may set aside the decision of the ALJ if it is based on an incorrect application of the law or is not supported by substantial evidence. See 42 U.S.C. § 405(g). "Substantial evidence" is the relevant evidence which a reasonable person might accept as adequate to support the ALJ's conclusion. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). In order to be "substantial," the evidence must amount to "more than a mere scintilla," but need not rise to the level of a preponderance. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence could reasonably support either affirming or reversing

3

the ALJ's decision, this Court may not substitute its judgment for the ALJ's decision. <u>Reddick</u>, 157 F.3d at 720-21. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities." <u>Lewis v. Apfel</u>, 236 F.3d 503, 509 (9th Cir. 2001).

**IV. DISCUSSION**

For purposes of the Social Security Act, a person is disabled when he lacks the ability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claimant challenges the ALJ's decision that she is not disabled for purpose of the Social Security Act on two grounds. First, Claimant contends that the ALJ ignored doctors' opinions that Claimant was totally disabled for one year. Plaintiff's Memorandum in Support of Motion for Summary Judgment at 6 ("Pl's Mem."). Second, Claimant contends that the ALJ failed to consider the impact of "all Ms. Duke's impairments in combination." <u>Id</u>. at 7.

A. <u>Whether the ALJ Ignored the Doctors' Opinions</u>

The Court finds that the ALJ fully considered, rather than ignored the doctors' opinions and medical reports. The ALJ stated that "[n]one of the treating or examining physicians opined that Claimant was unable to perform any work for a period lasting the requisite 12-month duration." AR at 22. Furthermore, the ALJ credited the testimony of the vocational expert, Dr. Gerald

4

Belchick, who "testified that the claimant was able to perform all of the past relevant work except for packing, which required "medium" exertional [effort]." AR at 23. By crediting Dr. Belchick's testimony, the ALJ found that "there has been no continuous 12-month period since October 31, 2001, during which the claimant was unable to perform at least some of her past relevant work." AR at 23.

Having reviewed the papers in this case, the Court will not disturb the ALJ's decision because it is supported by substantial evidence that Claimant was not continuously disabled for one year or more. For example, on October 24, 2002, less than a year after Claimant stopped working, Dr. John Chokatos, a physician who assessed Claimant's residual functional capacity and reviewed the other evaluations in Claimant's file, determined that Claimant was able to sit or stand for 6 hours of an 8 hour workday and frequently lift or carry items weighing 10 pounds. AR at 204-205. Dr. Chokatos also determined that at that time, Claimant had no postural or manipulative limitations. AR at 206-207. Despite Claimant's assertions, the Court finds that the Administrative Record provides no convincing evidence to demonstrate that Claimant was disabled within the meaning of the Social Security Act.[2] AR at 334.

---

[2] The Court finds that the Administrative Record is bare of any evidence to prove that Claimant was disabled from October 2002, the date of Dr. Chokatos's report, and December 2003 when Dr. Jensen determined that Claimant was "totally temporarily disabled until she has finished her work hardening" for purposes of California's Workers' Compensation program. AR at 334.

5

In summary, the Court must defer to the ALJ's findings of fact, provided that they are supported by substantial evidence. See 42 U.S.C. § 405(g) and Reddick, 157 F.3d at 720. The ALJ is responsible for resolving conflicts in medical testimony and ambiguities. See Lewis, 236 F.3d at 509. The Court finds that the ALJ's decision was supported by information contained in the Administrative Record, such as physicians' reports on Claimant's medical condition. The Court finds no reason to disturb the ALJ's decision, based as it is on substantial evidence.

B. <u>Whether the ALJ Considered the Fact of Claimant's Impairments in Combination</u>

Claimant contends that the ALJ "completely ignored the impact of Ms. Bowen's [sic] knee and low back symptom impairments...which could potentially interfere with the walking and carrying required to perform light work." Pl's Mem. at 7-8.

First, the Court finds that Claimant has produced no convincing evidence to support this contention. In fact, Claimant's conditional language - "could potentially interfere" - suggests that Claimant is unsure whether these impairments will prevent her from working and may indicate that these impairments are not currently disabling. Second, the ALJ determined, crediting the reports of treating and examining physicians and the testimony of the vocational expert, that Claimant is not disabled, a determination supported by substantial evidence:

> While the medical evidence of record documents the claimant's impairments, it does not support the extent of the pain and physical limitations that would preclude all work. No objective clinical findings support the claimant's allegations regarding the degree of her limitations.

6

AR at 22. The ALJ's statement is supported by Dr. Chokatos, who stated that Claimant was able to sit or stand for 6 hours of an 8 hour workday and frequently lift or carry items weighing 10 pounds. AR at 204-205. As this evidence indicates, if Claimant was judged able to perform such tasks, it means that her impairments in combination or alone did not prevent her from performing such tasks. Also, the reports indicate that physicians took note of all of Claimant's abilities and limitations. For example, the form language on Dr. Chokatos's report requires that physicians "base [their] conclusions on all evidence in file (clinical and laboratory findings; symptoms, observations, lay evidence, reports of daily activities; etc.)." AR at 204. In his exam, Dr. Chokatos examined Claimant's exertional, postural, manipulative, visual, communicative, and environmental limitations. AR at 205-209. Any limitations would have been part of such a thorough exam and Claimant would have had the opportunity to tell Dr. Chokatos about her daily activities and limitations, information Dr. Chokatos would have to take into account.

Also, significantly, the ALJ determined that Claimant was:

> not fully credible insofar as she alleges that she was precluded from all work by her medically determinable impairments...Even though the claimant alleges disabling pain, the record reveals that the claimant failed to follow-up on recommendations made by the treating doctor, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal.

7

AR at 22.[3]  The ALJ is entrusted with this sort of credibility determination and, consequently, his determination is expressly outside the province of District Courts sitting in review of the Social Security Commissioner's final decision.  See Lewis, 236 F.3d at 509.

Because the ALJ's determination was based on substantial evidence, the Court will not disturb the ALJ's decision.

**V.   CONCLUSION**

The Court finds that because the ALJ's decision was supported by substantial evidence, the Court finds no reason to disturb the final decision of the Social Security Administration.

Accordingly, Claimant's motion for summary judgment is DENIED and Defendant's cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Date:   January 24, 2006

_____
UNITED STATES DISTRICT JUDGE

---

[3] The ALJ also noted that Claimant has demonstrated a "lack of motivation at the work hardening sessions" and is able to "perform extensive daily activities which includes washes [sic] dishes, folds [sic] clothes...drives [sic] car...and walks [sic] three times a week."  AR at 23.

8